IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

```
MARTINI GOLF TEES, INC.,        )
                                )
     Plaintiff,                 )
                                )
v.                              )   CASE NO. CV423-014
                                )
GOLF GIFTS & GALLERY, INC.,     )
                                )
     Defendant.                 )
                                )
```

O R D E R

Before the Court are Defendant Golf Gifts & Gallery, Inc.'s motion to dismiss Plaintiff Martini Golf Tees, Inc.'s complaint (Doc. 5) and the parties' Joint Motion to Transfer (Doc. 10). For the following reasons, Defendant's motion to dismiss (Doc. 5) is **DENIED AS MOOT**, and the parties' joint motion to transfer (Doc. 10) is **GRANTED**.

On January 19, 2023, Plaintiff filed its complaint against Defendant, asserting claims for trademark infringement, unfair competition, patent infringement, and breach of contract. (Doc. 1 at 9-14.) Relevant to this order, Plaintiff alleged that Defendant is a corporation organized and existing under the laws of the State of Illinois, and that "[v]enue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and § 1400(b) because Defendant does business in Georgia and a substantial part of the events giving rise to these claims occurred in this District." (Id. at

¶¶ 2, 7.) On March 21, 2023, Defendant filed a motion to dismiss for improper venue or, in the alternative, to transfer venue to the United States District Court for the Northern District of Illinois, where Defendant is incorporated. (Doc. 5 at 1-4.) On April 4, 2023, the parties' filed their joint motion to transfer venue, indicating they "jointly stipulate the venue is proper in the U.S. District Court for the Northern District of Illinois." (Doc. 10 at 1.) As a result, they asked the Court to deny Defendant's motion to dismiss as moot and transfer the case. (Id. at 2.) At the Court's direction (Doc. 11), they later specified that the case should be transferred to the Eastern Division of the Northern District of Illinois (Doc. 12 at 1).

Section 1404(a) provides that a district court may transfer a civil action to another district or division to which all parties have consented "[f]or the convenience of parties and witnesses [and] in the interest of justice." 28 U.S.C. § 1404(a). Here, Defendant has represented that it is incorporated in Illinois (Doc. 5 at 3-4), and both Plaintiff and Defendant have consented to transfer to the Eastern Division of the Northern District of Illinois (Doc. 10 at 1; Doc. 12 at 1). Accordingly, the Court need not engage in deep assessment of the appropriateness of the transfer, as it would if the transfer was contested. Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex., 571 U.S. 49, 59, 134 S. Ct. 568, 579, 187 L. Ed. 2d 487 (2013) ("Unlike

§ 1406(a), § 1404(a) does not condition transfer on the initial forum's being 'wrong.' And it permits transfer to any district where venue is also proper . . . or to any other district to which the parties have agreed by contract or stipulation.").

For the foregoing reasons, the Court **GRANTS** the parties' joint motion to transfer (Doc. 10) and **DENIES AS MOOT** Defendant's motion to dismiss (Doc. 5). The Court **TRANSFERS** this case to the United States District Court for the Northern District of Illinois, Eastern Division. Further, the Court **DIRECTS** the Clerk of Court to transfer all filings docketed in this case including this order, to the Northern District of Illinois, Eastern Division, and to **CLOSE** this case.

SO ORDERED this 27th day of April 2023.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA